THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN RICE, Defendant-Appellant.

First District (4th Division)   No. 1—92—1308

Opinion filed May 27, 1993.

Frederick F. Cohn, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan Schierl, and Jon J. Walters, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial in the circuit court of Cook County, defendant, Kevin Rice, was convicted of possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(1)) and was sentenced to a 20-year term in the Illinois Department of Corrections.

On appeal, defendant contends (1) the trial court erred in disallowing the testimony of a codefendant given under oath at the motion to suppress hearing prior to trial; (2) the trial court erroneously instructed the jury that if it found sufficient evidence to convict either defendant, it should convict both defendants; (3) the evidence was seized in violation of the fourth amendment and the due process clause of the fourteenth amendment; (4) the trial court failed to instruct the jury on the relevant law; (5) the trial court erroneously denied a severance of his trial from that of his codefendant where their defenses were antagonistic; and (6) the evidence was insufficient to sustain a conviction of possession with intent.

We reverse and remand.

The following pertinent facts were adduced at trial. On June 13, 1989, Chicago police officers Robert Drozd and Michael Cronin observed defendant and codefendant traveling north on Sacramento Avenue. Officer Cronin determined that the car was going 40 miles per hour in a 30-mile-per-hour zone and the officers proceeded to follow it. Officer Drozd motioned for defendant to pull over and he complied.

Officer Drozd got out of the car and approached defendant's vehicle. Through the open window, the officer saw defendant hand codefendant, who was in the passenger seat, a brown bag which codefendant placed in his waistband area. Codefendant then exited the car, and Officer Drozd patted down the area where codefendant placed the brown bag, believing it to be a gun. Officer Drozd removed the bag from codefendant, unwrapped it and saw that it contained a hard rock, white substance he recognized to be a narcotic. Lab tests performed later determined the substance to be heroin. Officer Drozd placed codefendant under arrest.

Contemporaneously, Officer Cronin was talking to defendant, who had also stepped out of the car. Officer Drozd informed Officer Cronin that he observed defendant pass the bag containing the substance to codefendant, and defendant was placed under arrest.

Prior to trial, a suppression of evidence hearing was conducted. Codefendant testified that he placed the brown bag in his underpants about two hours before the police pulled him and defendant over. At trial, defense counsel moved to admit this testimony into evidence because codefendant indicated his desire to invoke his fifth amendment privilege against self-incrimination at trial. The trial judge ruled that codefendant's testimony would not be admitted at trial.

Defendant was found guilty of possession of a controlled substance with intent to deliver and was sentenced to 20 years in the Illinois Department of Corrections. He appeals.

Initially on appeal, defendant posits that the trial court erroneously failed to admit codefendant's exculpatory testimony given at the motion to suppress hearing. We agree.

■ Codefendant's testimony was properly admissible under the statement against interest exception to the hearsay rule (Fed. R. Evid. 804(b)(3)), which requires the declarant to be unavailable as a witness. The rule states:

> "A statement which was at the time of its making *** so far tended to subject him [the declarant] to civil or criminal liability, *** that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

In *United States v. Garcia* (7th Cir. 1993), 986 F.2d 1135, the court outlined a test used to determine whether a statement falls within the confines of Rule 804(b)(3). Admission is predicated on the satisfaction of the following prongs: (1) the declarant must have been unavailable to testify, (2) the declarant's statements must have been against his penal interest, and (3) corroborating circumstances must support the trustworthiness of the statement. *Garcia*, 986 F.2d at 1139; see *United States v. Garcia* (7th Cir. 1990), 897 F.2d 1413.

■ Our evaluation of the first prong of the *Garcia* test demonstrates, contrary to the State's assertions, that the declarant was indeed unavailable. Codefendant's utilization of his fifth amendment privilege against self-incrimination constitutes a refusal to testify encompassed within the requisite unavailability part of the test. (*Garcia*, 986 F.2d at 1139.) The State argues that codefendant was not unavailable for purposes of Rule 804(b)(3) because his unavailability was not attributable to a physical condition. The unavailability aspect of the rule, however, is not so rigid.

The second prong of the *Garcia* test, the statements must have been against the declarant's penal interest, also fails to merit lengthy analytical discussion. The advisory committee's notes pertaining to Rule 804(b)(3) state in part: "Whether a statement is *** against penal interest must be determined from the circumstances of each case." (Fed. R. Evid. 804(b)(3), Advisory Committee's Notes.) Codefendant testified that he solely possessed the bag containing the heroin and that defendant did not hand it to him as Officer Drozd contended. This statement subjected codefendant to criminal liability and was accordingly contrary to his penal interest.

Examination of the third part of the *Garcia* test, the presence of corroborating circumstances sufficiently indicative of the statement's trustworthiness, is less facile.

Neither Rule 804(b)(3) nor the associated notes specifically delineate what constitutes corroborating circumstances. "The requirement of corroboration should be construed in such a manner as to effectuate its purpose of circumventing fabrication," thus ensuring the trustworthiness of the statement. (Fed. R. Evid. 804(b)(3), Advisory Committee's Notes.) In accordance with the spirit of the rule, we will consider several factors promoting reliability which may constitute corroborating circumstances.

First, we do not believe that codefendant had a motive to fabricate. The record fails to evince a close relationship between defendant and codefendant which would increase the likelihood of fabrication to protect a friend. Second, codefendant's statements do not contain inconsistencies reflecting unfavorably on his veracity. Third, there is no evidence that codefendant was coerced into making the statement exonerating defendant. Fourth, there is also no evidence that the statement was made in order to curry favor with authorities.

Supplemental to the aforementioned factors indicative of trustworthiness, we will consider a widely interpreted and utilized standard promulgated by the Supreme Court of the United States for the express purpose of analyzing reliability of a declaration against penal interest. *Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038, formulated four factors which provide a declaration against penal interest with some indicia of trustworthiness: (1) the statement was made to a close acquaintance shortly following the crime; (2) the statement was corroborated by other evidence; (3) the statement was against the declarant's interest and self-incriminatory; and (4) the declarant was subjected to sufficient cross-examination. *Chambers*, 410 U.S. at 300-01, 35 L. Ed. 2d at 311-12, 93 S. Ct. at 1048-49.

This court has precedingly used these factors mechanistically as preconditions for admissibility. (See *People v. Powell* (1985), 139 Ill. App. 3d 701; *People v. Newell* (1985), 135 Ill. App. 3d 417; *People v. Bracey* (1981), 93 Ill. App. 3d 864.) This, however, is no longer the correct approach in Illinois. Our supreme court has stated: "The four factors which the court enumerated in *Chambers* *** are to be regarded simply as indicia of trustworthiness and not as requirements of admissibility." *People v. Bowel* (1986), 111 Ill. 2d 58, 67.

Furthermore, we acknowledge, as did the court in *Bowel*, that Rule 804(b)(3) was developed subsequent to *Chambers*, and had the

*Chambers* factors been intended as a threshold for admissibility, they would have been included in the rule. (*Bowel*, 111 Ill. 2d at 68.) Instead, the rule does not contain corroborating circumstances that must be satisfied in order to properly admit a declaration against penal interest. Therefore, we use the *Chambers* factors only as considerations, not as prerequisites in the ultimate determination of admissibility.

Here, codefendant's testimony satisfies three of the four *Chambers* factors. As previously discussed, codefendant's statement was corroborated by other evidence and it was against his penal interest. Codefendant was also exposed to cross-examination by the State at the suppression of evidence hearing. The unfulfillment of the initial prong of the *Chambers* test does not bear adversely upon the overall reliability of the statement.

Although seemingly mindful of *Bowel*'s interpretation of *Chambers*, the State incongruously urges us to accept the assertion that because codefendant's testimony fails to satisfy all of the *Chambers* factors, it is automatically inadmissible. In view of the foregoing, this position is without merit.

"The *** [trial] court must find only that sufficient corroborating circumstances exist and then permit the jury to make the ultimate determination concerning the truth of the statements." (*United States v. Garcia* (7th Cir. 1993), 986 F.2d at 1141.) We find that codefendant's testimony was sufficiently trustworthy and that the trial court erroneously failed to allow the jury to consider it.

We are unpersuaded by the State's argument that this exclusion is harmless error. The State opines that due to the overwhelming evidence of defendant's guilt and due to the trial court's finding that codefendant's testimony lacked credibility, the verdict was unaffected by the exclusion of the testimony. We believe that, had codefendant's testimony exonerating defendant been admitted, the outcome might have been different.

In light of the above determination, a review of defendant's additional contentions is superfluous.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and this cause is remanded to the trial court for a new trial.

Reversed and remanded.

HOFFMAN and CAHILL, JJ., concur.