(No. 75689

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. KEVIN RICE, Appellee.

*Opinion filed April 20, 1995.—Rehearing denied May 30, 1995.*

HARRISON, J., joined by BILANDIC, C.J., and McMORROW, J., dissenting.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen and Arleen C. Anderson, Assistant Attorneys General, of Chicago, and Renee Goldfarb, Susan R. Schierl, Jon J. Walters and Theodore Fotios Burtzos, Assistant State's Attorneys, of counsel), for the People.

Frederick F. Cohn and Patrick A. Tuite, both of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, defendant, Kevin Rice, was convicted of possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1985, ch. 56$^1$/$_2$, par. 1401(a)(1)). He was subsequently sentenced to 20 years' imprisonment. The

appellate court reversed defendant's conviction, finding that the trial court erred in refusing to admit into evidence a codefendant's exculpatory testimony made at a pretrial suppression hearing. (247 Ill. App. 3d 415.) We allowed the State's petition for leave to appeal (145 Ill. 2d R. 315(a)) and now reverse the judgment of the appellate court.

### Facts

The following evidence was adduced at the joint trial of defendant and codefendant, Raymond Pugh. On June 13, 1989, at 8:30 p.m., Chicago police officers Robert Drozd and Michael Cronin were driving in an unmarked police car northbound on Sacramento Avenue in Chicago. The officers were accompanied by Pat Law, an investigator from the Cook County State's Attorney's office. A Nissan vehicle with tinted windows subsequently passed the unmarked police car. Officer Drozd testified that he believed the vehicle was traveling about 40 miles per hour in a 30-mile-per-hour zone.

The officers followed the vehicle through the intersection of Sacramento Avenue and Madison Street. Officer Cronin then motioned for the driver of the Nissan to pull over. After the driver complied, both officers exited the police car. Officer Drozd approached the passenger side of the Nissan vehicle, while Officer Cronin approached the driver's side.

Officer Drozd testified that the passenger window was rolled down. As he approached the vehicle, Officer Drozd, through the open passenger window, observed defendant, the driver of the vehicle, hand codefendant a brown paper bag, which codefendant tucked inside his pants. Codefendant, who was seated in the passenger seat, then exited the vehicle. Believing the bag to contain a weapon, Officer Drozd conducted a patdown search of codefendant and recovered the bag from codefendant's pants. The bag contained a white, chunky

substance, later identified as approximately 103 grams of heroin. Officer Drozd then placed codefendant under arrest.

While the preceding events were occurring, Officer Cronin was with defendant, who had stepped out of the car on the driver's side. Officer Drozd informed Officer Cronin that he had observed defendant hand the paper bag to codefendant. Officer Cronin then placed defendant under arrest.

After the State rested its case, defendant's counsel attempted to call codefendant as a witness. Codefendant invoked his fifth amendment privilege against self-incrimination and refused to testify. (U.S. Const., amend. V; see also Ill. Const. 1970, art. I, § 10.) Prior to trial, however, codefendant had testified in a hearing on a motion filed on his behalf to quash arrest and suppress evidence. During the hearing on his suppression motion, codefendant testified that he had placed the paper bag containing the contraband inside his pants about two hours before the police stopped the car. Because codefendant asserted his fifth amendment right to refuse to testify at trial, defense counsel moved to admit into evidence the testimony given by codefendant at the suppression hearing that was exculpatory of defendant. The trial judge ruled that the testimony was inadmissible because the issues at the suppression hearing and at trial were not similar enough to assure that the State had a meaningful opportunity to cross-examine codefendant at the time the testimony was given. Defendant was subsequently convicted of possession of a controlled substance with intent to deliver and was sentenced to a 20-year prison term.

On appeal to the appellate court, defendant argued, among other things, that the trial judge erred in refusing to admit codefendant's suppression hearing testimony. The appellate court agreed, finding that codefen-

dant's testimony was properly admissible under Federal Rule of Evidence 804(b)(3), the statement-against-interest exception to the hearsay rule. Accordingly, the appellate court reversed defendant's conviction and remanded the cause for a new trial. (247 Ill. App. 3d at 417-19.) We allowed the State's petition for leave to appeal (145 Ill. 2d R. 315(a)) and, for the reasons that follow, reverse the judgment of the appellate court.

## Discussion

Before this court, the State initially contends that the appellate court improperly adopted Rule 804(b)(3). It further argues that the appellate court erred in finding codefendant's suppression hearing testimony admissible. Specifically, the State contends that codefendant's suppression hearing testimony is inadmissible hearsay and does not fall within the statement-against-interest or the former-testimony exception to the hearsay rule, the two exceptions advanced by defendant in urging the trial court's admission of the testimony.

We first consider the State's argument that codefendant's suppression hearing testimony is not admissible under the former-testimony exception to the hearsay rule. It is well settled that the testimony of a witness at a prior hearing is admissible in evidence at trial where the witness is unavailable and when ample opportunity to cross-examine existed at the prior hearing. (*People v. Horton* (1976), 65 Ill. 2d 413, 416; *People v. Tennant* (1976), 65 Ill. 2d 401, 411.) It is the second element which serves as the focal point of the dispute in this case. As this court has stated, determining whether ample opportunity to cross-examine at the prior hearing exists does not lend itself to a *per se* determination, but must be decided on the circumstances of each case. See *Horton*, 65 Ill. 2d at 417.

In applying the former testimony exception to testimony elicited at a preliminary hearing, this court

has recognized the distinction between the opportunity to cross-examine afforded at trial and at a preliminary hearing. " 'A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial.' " (*Horton*, 65 Ill. 2d at 416, quoting *Barber v. Page* (1968), 390 U.S. 719, 725, 20 L. Ed. 2d 255, 260, 88 S. Ct. 1318, 1322; see also *People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 48.) Cross-examination at a preliminary hearing is subject to the general rule that questioning may not extend beyond the scope of the direct examination and such further interrogation as necessary to show interest, bias, prejudice, or motive of the witness, to the extent that these factors are relevant to the question of probable cause. *Horton*, 65 Ill. 2d at 416-17.

In view of the limited nature of the evidence that may be introduced at a preliminary hearing, this court has stated that whether adequate opportunity to cross-examine existed at a preliminary hearing "may not depend in its entirety on what transpired at that hearing." (*Horton*, 65 Ill. 2d at 417.) "Adequate opportunity to cross-examine means an opportunity to effectively cross-examine ***." (*Horton*, 65 Ill. 2d at 417.) Merely providing some opportunity to cross-examine at a preliminary hearing does not necessarily establish that the party had an adequate opportunity. (*Horton*, 65 Ill. 2d at 417.) Because a suppression hearing is even more limited in focus than a preliminary hearing, the reasoning in *Horton* is equally applicable to the present case.

At the outset, we note that there is no dispute that the State had an opportunity to cross-examine codefendant at the suppression hearing. The key question is whether that opportunity provided a means to effectively cross-examine codefendant. The State argues

that it did not have an opportunity to effectively cross-examine codefendant at the suppression hearing because it did not have the motive to question codefendant regarding the nature of his relationship with defendant, which might have prompted codefendant to testify falsely. The State further contends that had codefendant testified at trial it would have inquired into the existence of such a relationship. Because of the limited nature of the suppression hearing and the State's limited focus at the proceeding, we agree that the State did not have an adequate opportunity to effectively cross-examine codefendant. Without such an opportunity, codefendant's testimony at the suppression hearing was properly denied admission under the former-testimony exception to the hearsay rule.

For an opportunity to cross-examine to be considered meaningful, and therefore adequate and effective, the motive and focus of the cross-examination at the time of the initial proceeding must be the same or similar to that which guides the cross-examination during the subsequent proceeding. (*Cf.* Fed. R. Evid. 804(b)(1).) In the present case, the question presented at codefendant's suppression hearing dealt with whether Officer Drozd saw codefendant tuck a brown paper bag into his pants after defendant's car was stopped, giving the officer probable cause to search codefendant. The focus of the cross-examination of codefendant at the suppression hearing therefore was the conduct of codefendant just prior to the search, his self-interest in testifying falsely at the suppression hearing, and the issues presented by the motion to suppress. At trial, however, the State's focus would be on the guilt or innocence of defendant—a much different issue than that presented at the suppression hearing—and any motive codefendant might have in making exculpatory statements on behalf of defendant. The issues at the suppression hearing and the purpose

for which codefendant's testimony was later offered at defendant's trial are not so similar that we may say that the State had a meaningful opportunity to effectively cross-examine codefendant on the occasion his testimony was given. (*Cf. United States v. Wingate* (2d Cir. 1975), 520 F.2d 309, 316; see also *United States v. Miller* (D.C. Cir. 1990), 904 F.2d 65, 68; 2 J. Strong, McCormick on Evidence § 304, at 315 (4th ed. 1992) ("similar motive" requires, "[a]t most, the issue on which the testimony was offered in the first [proceeding] must be the same as the issue upon which it is offered in the second"); 5 J. Wigmore, Evidence § 1387, at 91 (Chadbourn rev. ed. 1974) ("The issue on the occasion when the former testimony or deposition was given must have been substantially the same, for otherwise it cannot be supposed that the former statement was sufficiently tested for cross-examination upon the point now in issue" (emphasis omitted)).) As previously noted, without such an opportunity, codefendant's testimony could not be admitted under the former-testimony exception.

We also reject the argument that codefendant's suppression hearing testimony was admissible under the statement-against-penal-interest exception to the hearsay rule. As to this issue, the State initially contends that the appellate court improperly adopted Rule 804(b)(3). Rule 804(b)(3) permits the admission of:

> "A statement which was at the time of its making *** so far tended to subject the declarant to civil or criminal liability, *** that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." (Fed. R. Evid. 804(b)(3).)

The State maintains that this court, in determining the admissibility of declarations against penal interest, has specifically chosen not to adopt this rule. Rather, the

State contends that this court has adopted the "objective indicia of trustworthiness" analysis employed in *Chambers v. Mississippi* (1973), 410 U.S. 284, 300-01, 35 L. Ed. 2d 297, 311-12, 93 S. Ct. 1038, 1048-49, and used most recently by this court in analyzing a similar issue in *People v. Cruz* (1994), 162 Ill. 2d 314, 342-47. (See also *People v. House* (1990), 141 Ill. 2d 323, 389-90; *People v. Sanchez* (1989), 131 Ill. 2d 417, 423-24.) Because we find that codefendant's suppression hearing testimony would be inadmissible under either *Chambers* or Rule 804(b)(3), we need not address the State's initial argument that the appellate court erroneously adopted the rule.

To reach this conclusion, we first examine the requirements for admission of a statement against penal interest under Rule 804(b)(3) and *Chambers*. Rule 804(b)(3) requires that three conditions be met before a statement will be admitted under this rule: (1) the declarant must be unavailable, (2) the declarant's statement must have been against penal interest, and (3) corroborating circumstances support the trustworthiness of the statement. (See *United States v. Garcia* (7th Cir. 1993), 986 F.2d 1135, 1139.) As to the latter requirement, neither Rule 804(b)(3) nor the notes accompanying the rule elaborate on what constitutes "corroborating circumstances clearly indicat[ing] the trustworthiness of the statement." (Fed. R. Evid. 804(b)(3).) The advisory notes do indicate, however, that "[t]he requirement of corroboration should be construed in such a manner as to effectuate its purpose of circumventing fabrication," thus ensuring the statement's reliability. See Fed. R. Evid. 804(b)(3), Advisory Committee's Note.

Under *Chambers*, the statement at issue must be against the declarant's interest, and the statement must be accompanied by sufficient indicia of reliability to be admitted. (See *People v. Cruz* (1994), 162 Ill. 2d 314, 342-

47.) *Chambers* does not specify the indicia of reliability that must be present in order for a statement to be admitted. See *People v. Bowel* (1986), 111 Ill. 2d 58, 67.

Although the parties dispute whether codefendant's statement was against his penal interest, we can assume for purposes of this opinion that codefendant's statement was against his penal interest and, for a Rule 804(b)(3) analysis, that codefendant was also unavailable, having asserted his fifth amendment right not to testify. We therefore need only discuss the requirement under Rule 804(b)(3) and *Chambers* that in order for the statement to be admissible sufficient circumstances exist to demonstrate the trustworthiness of the testimony given by codefendant at the hearing on his motion to suppress.

Defendant maintains that codefendant's suppression hearing testimony was trustworthy because it was against codefendant's penal interest, was under oath, and was subject to cross-examination. As previously explained, however, the focus and purpose of the State's cross-examination of codefendant at the suppression hearing was limited, and thus the State was not able to fully test the testimony's reliability. It therefore cannot be said that the fact codefendant was subject to cross-examination assures the testimony's reliability. 5 J. Wigmore, Evidence § 1387, at 90 (Chadbourn rev. ed. 1974) ("Unless the *issues were then the same* as they are when the former statement is offered, the cross-examination would not have been directed to the same material points of investigation, and therefore could not have been an adequate test for exposing inaccuracies and falsehoods" (emphasis in original)).

Moreover, the absence of several other factors further supports our conclusion that codefendant's testimony was not sufficiently trustworthy to be admitted. Codefendant's testimony was not a spontaneous state-

ment to a close acquaintance, as suggested by *Chambers*, but was elicited through questioning at the pretrial motion to suppress, held approximately 22 months after the seizure at issue. Further, we note that codefendant had a motive to testify falsely. Codefendant stood to benefit at the suppression hearing by making the statement in question because, if his testimony had been believed, his motion would have been granted and the evidence against him suppressed. Additionally, codefendant's statement that he placed the bag in his pants two hours prior to being stopped was not corroborated by any other evidence. Because we believe that there was insufficient indicia of reliability of codefendant's testimony at the suppression hearing, we find it inadmissible at trial under either *Chambers* or Rule 804(b)(3).

## Conclusion

For the foregoing reasons, we find that the trial court did not abuse its discretion in excluding at trial codefendant's suppression hearing testimony. Accordingly, the judgment of the appellate court is reversed. Because of its ruling on the admissibility of codefendant's testimony, the appellate court did not address additional arguments raised by defendant. We therefore remand the cause to the appellate court for consideration of the remaining issues.

*Appellate court reversed;*
*cause remanded.*

JUSTICE HARRISON, dissenting:

I agree with the appellate court that the admission made by Pugh at the suppression hearing was admissible at trial. Generally, a third party's extrajudicial declarations, not made under oath, that he committed a crime are purely hearsay and are inadmissible, even though they are declarations against interest. (*People v. Tate* (1981), 87 Ill. 2d 134, 143.) When justice requires,

however, such extrajudicial declarations may be admissible under the statement-against-penal-interest exception to the hearsay rule if there are sufficient indicia of trustworthiness. (*People v. Bowel* (1986), 111 Ill. 2d 58, 66.) The United State Supreme Court so recognized in *Chambers v. Mississippi* (1973), 410 U.S. 284, 302, 35 L. Ed. 2d 297, 313, 93 S. Ct. 1038, 1049.

Under *Chambers*, the availability of a witness is not an essential element in determining the admissibility of a statement against interest. (See also *People v. Morris* (1986), 148 Ill. App. 3d 471; M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 804.7, at 783 (6th ed. 1994).) The critical inquiry is whether the statement was made under circumstances that ensure its trustworthiness. In *Chambers*, there were sufficient indicia of trustworthiness in that (1) the statement was made spontaneously to a close acquaintance shortly after the crime occurred, (2) the statement was corroborated by other evidence, (3) the statement was self-incriminating and against the declarant's interest, and (4) there was an adequate opportunity for cross-examination of the declarant. (*Chambers*, 410 U.S. at 300-01, 35 L. Ed. 2d at 312, 93 S. Ct. at 1048-49.) We have held, however, that these four indicia are not requirements of admissibility. Accordingly, they need not all be present in order for a declaration to be admissible. The question to be considered in judging the admissibility of a declaration is simply whether the declaration was made under circumstances that provide "considerable assurance" of its reliability by objective indicia of trustworthiness. *Bowel*, 111 Ill. 2d at 67.

Two of the factors enumerated in *Chambers* are present here. In *Chambers*, the Supreme Court found that certain confessions were against the declarant's penal interest where they were, "in a very real sense self-incriminatory and unquestionably against interest."

(*Chambers*, 410 U.S. at 301, 35 L. Ed. 2d at 312, 93 S. Ct. at 1048.) Pugh's declaration that he possessed heroin for two hours was both self-incriminating and against his interest. No credible argument could be made that making that declaration was not against his penal interest. See *People v. Kokoraleis* (1986), 149 Ill. App. 3d 1000.

The second factor present here is the State's opportunity to cross-examine Pugh. This court held in *People v. Horton* (1976), 65 Ill. 2d 413, 416, that an ample opportunity to cross-examine must be decided upon by the circumstances in each case. I disagree with the majority's conclusion that the State's opportunity was not adequate in the case at bar. Pugh was in court under oath, and the State plainly had every chance to question Pugh regarding whether he possessed the heroin in his pants for two hours or, alternatively, whether defendant Rice handed it to him as Officer Drozd approached their automobile.

The State protests that it would have liked to question Pugh regarding the additional issue of his relationship with the defendant, but had no motive to do so at the suppression hearing. I find this contention unpersuasive. Considering the facts of the crime—Pugh and defendant were arrested while driving around together—and the nature of Pugh's admission, I believe that the State had every reason to pursue the matter further in order to ascertain why Pugh acted as he did.

An additional *indicium* of reliability to provide "considerable assurance" of trustworthiness in this case is the fact that the statement was made in a courtroom under oath. These circumstances distinguish this case from the court's decisions in *People v. Bowel* and *People v. Tate* which applied the same analysis to declarations against penal interest. In neither of those cases were the declarations at issue made under oath or made in a courtroom, as they were here. The codefendant's

testimony in this case was sufficiently trustworthy, and the trial court should not have prevented the jury from hearing it.

Although the admission of evidence is within the sound discretion of the trial court and the court's ruling should not be reversed absent a clear showing of abuse of that discretion (*Bowel,* 111 Ill. 2d at 68), I believe that such an abuse occurred in this case. Defendant was denied a fair trial and is entitled to be tried again. I would therefore affirm the judgment of the appellate court.

CHIEF JUSTICE BILANDIC and JUSTICE McMOR-ROW join in this dissent.