In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2337

Uluches Jefferson,

Petitioner-Appellant,

v.

George C. Welborn,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 3342--James F. Holderman, Judge.

Submitted May 4, 2000--Decided June 29, 2000

  Before Posner, Chief Judge, and Easterbrook and Diane
P. Wood, Circuit Judges.

  Diane P. Wood, Circuit Judge.  This proceeding
concerns the petition that Uluches Jefferson
filed for a writ of habeas corpus pursuant to 28
U.S.C. sec. 2254. The district court dismissed
the petition as untimely, see 28 U.S.C. sec.
2244(d), and declined to issue a certificate of
appealability. Jefferson now has filed a request
for a certificate of appealability, through which
he seeks an opportunity to have the district
court consider his claims on the merits. (The
Supreme Court's recent decision in Slack v.
McDaniel, 120 S. Ct. 1595 (2000), makes it clear
that a certificate of appealability may be
granted on this kind of procedural ground.)
  While Jefferson's direct appeal was still
pending before the Illinois Appellate Court, he
filed his post-conviction petition, which the
trial court subsequently denied. Thereafter, in
orders entered on September 17, 1996 (direct
appeal) and November 6, 1996 (post-conviction
appeal), the Illinois Appellate Court affirmed
both his conviction, on direct appeal, and the
denial of his post-conviction petition. On July
17, 1997, Jefferson moved for leave to file a
late petition for leave to appeal both decisions
to the Illinois Supreme Court. On September 24,
1997, the Illinois Supreme Court issued an order
in which it granted Jefferson's motion for leave
to file a late petition for leave to appeal.

Several months later, in a routine order dated December 3, 1997, the court denied his petition for leave to appeal.

Whether Jefferson is entitled to his certificate of appealability depends on whether the district court correctly applied the rules governing the limitations period for filing sec. 2254 petitions that are found in 28 U.S.C. sec. 2244(d). Subpart (1) of that section establishes a one-year period of limitations that runs from various points--in Jefferson's case, from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See sec. 2244(d)(1)(A). Subpart (2) of the same section provides that the time during which a "properly filed" application for state post-conviction relief is pending "shall not be counted" toward the period of limitation.

In denying Jefferson's request for a certificate of appealability, the district court concluded, on the authority of Tinker v. Hanks, 172 F.3d 990 (7th Cir. 1999), that the time had to be calculated from the actions of the Illinois Appellate Court, because a mere petition for permission to file a late appeal was insufficient to toll the time under sec. 2244(d)(2). But in so ruling, it did not have the benefit of our later decision in Freeman v. Page, 208 F.3d 572 (7th Cir. 2000), nor did it take into account the fact that the application Tinker had filed in his case was for a successive collateral attack and it was eventually denied by the state court, while Jefferson simply obtained an extension of time to file his appeals in both his direct appeal and his post-conviction appeal--something that happens routinely in litigation.

The Illinois Supreme Court is, of course, the master of its own procedural rules, including the rules governing the time for appeal and any exceptions to those rules it chooses to recognize. Here, the court issued two separate orders, one directed to the timeliness of Jefferson's petition for leave to appeal and the other directed to the petition itself. We can therefore say with some confidence that the order of December 3, 1997, denying leave to appeal, did not rest on the procedural ground of untimeliness, because that question had been addressed and resolved in the July 24 order. As such, we believe it is proper to treat the December 3 order as a substantive rejection of Jefferson's petition.

Sometimes, of course, we will not have the benefit of the two separate orders that are present in this case. In those instances, the question is how to treat an order that says

nothing about its basis (which is the case with most orders from supreme courts that are denying discretionary review). We think that the Supreme Court's decision in Harris v. Reed, 489 U.S. 255 (1989), points the way to the answer. In that case, the Court held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Id. at 263 (internal quotations omitted). Similarly here, if the last word from the state supreme court does not reveal whether a procedural bar or a substantive lack of merit motivated its ruling, we will presume it is the latter for purposes of sec. 2244(d), unless "the last reasoned opinion on the claim explicitly impose[d] a procedural default," which the denial of review by the state supreme court does not disturb. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In this case, as of July 17, 1997, Jefferson was still engaged in the process of pursuing his state court remedies (both his direct appeal and his post-conviction petition, in his case), as he is required to do under O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The Illinois Supreme Court decided, as it was entitled to do, to accept the July 17 petition for normal consideration, and it later issued an order denying review. The Illinois Appellate Court had not relied on procedural default from any action of Jefferson's. The problem, to the extent there was one, arose between the appellate court and the supreme court, and the supreme court order of July 24 indicates that it was not rejecting the petition on timeliness grounds. This course of events was enough to make his appeal in his state proceeding one that was properly filed for purposes of computing his time for filing a petition for collateral relief in federal court.
  We explained in Freeman that the words "properly filed" in 28 U.S.C. sec. 2244(d)(2) take their meaning from state practice:

Whether a collateral attack is "properly filed" can be determined in a straightforward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed.

208 F.3d at 576. Here, in the sense that matters, the Illinois Supreme Court considered Jefferson's claims "on the merits"; hence, it was "properly filed" for purposes of sec. 2244(d)(2). This means in turn that the one-year statute of limitations found in sec. 2244(d)(1) was tolled

from July 17 to December 3, 1997, the date that the Illinois Supreme Court denied petitioner's petition for leave to appeal. With that time excluded, Jefferson's filing on March 12, 1998, was within the permitted time, and the district court should not have dismissed his sec. 2254 petition on that ground.

As the Supreme Court suggested in Slack, 120 S. Ct. at 1604, we have also taken a quick look at the claims Jefferson wants to raise in his petition. If they were all utterly without merit, we could affirm the dismissal on that alternative ground. But we do not find them so thoroughly lacking that such a step would be appropriate right now. Jefferson raises five claims: (1) ineffective assistance of counsel; (2) denial of due process; (3) a Brady violation; (4) sufficiency of the evidence; and (5) the trial court erred in allowing a surprise witness at sentencing. At least some of these claims, facially allege the "denial of a constitutional right."

We think it preferable for the district court to make the first assessment of their underlying merit. We therefore Grant the certificate of appealability and Remand the case to the district court for further proceedings consistent with this order.