In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4034

Kevin Rice,

Petitioner-Appellant,

v.

Edwin R. Bowen,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 3997--Suzanne B. Conlon, Judge.

Submitted May 18, 2001--Decided June 28, 2001/*

Before Bauer, Diane P. Wood, and Evans,
Circuit Judges.

Per Curiam.  Inmate Kevin Rice, who is
serving a state sentence for drug
offenses, brought a petition for a writ
of habeas corpus under 28 U.S.C. sec.
2254. The district court dismissed, and
Rice filed this appeal. Before us now is
the State of Illinois's motion to strike
Rice's brief because Rice allegedly has
referred to a transcript that is not part
of the record on appeal. As we explain in
this opinion, we deny the motion as moot
because under the circumstances we must
vacate the judgment and remand this case
to the district court for further
proceedings.

A summary of the complex procedural
history of this case is essential to
understand why this step is the
appropriate one. Chicago police
discovered Rice and co-defendant Raymond
Pugh in possession of 103 grams of heroin
after a traffic stop. The two men were
charged with possession of narcotics with
intent to distribute and tried together
in 1992. The arresting officer testified
that he observed Rice hand Pugh a paper
bag containing the drugs. Yet at an
earlier suppression hearing Pugh had
testified that he placed the bag in his
underwear two hours before the traffic
stop and that he kept it there at all

times until the police discovered it. At trial, Rice denied possessing the drugs and called Pugh as a witness. When Pugh asserted his Fifth Amendment privilege, Rice sought to admit Pugh's testimony from the suppression hearing. The trial court, however, refused to do so on the ground that it was hearsay and not sufficiently trustworthy. Rice was convicted and sentenced to a 20-year prison term. Rice appealed, but after an initial victory in the Illinois appellate court, a divided Illinois Supreme Court reinstated his conviction. It concluded that the testimony was properly excluded under the state's evidentiary rules, and that the exclusion of the evidence did not violate Rice's due process rights under the rule announced in Chambers v. Mississippi, 410 U.S. 284 (1973). See People v. Rice, 651 N.E.2d 1083 (Ill. 1995). Rice's conviction became final on June 4, 1997, after the appellate court rejected Rice's remaining arguments and the supreme court denied further review.

In September 1996, Rice filed a petition for post-conviction relief in the trial court. Although his direct appeal was still pending, Rice was not entitled to wait until its conclusion because the version of the Illinois Post-Conviction Hearing Act that applied to him--enacted after his conviction but made retroactive, see People v. Bates, 529 N.E.2d 227 (Ill. 1988)--had shortened the time period to file his petition, requiring that he file his petition no later than three years from the date of conviction, or by April 12, 1995. See 725 ILCS 5/122-1 (West 1995); Freeman v. Page, 208 F.3d 572, 575 (7th Cir. 2000). Under the amendment's terms, Rice's petition was due before the new law took effect. To avoid placing people in an impossible situation, the amendment allowed courts to excuse the limitations period if the delay in filing was not due to "culpable negligence." See Bates, 529 N.E.2d at 229-30; Barksdale v. Lane, 957 F.2d 379, 382 n.9 (7th Cir. 1992).

Rice filed his petition fourteen months late and did not allege lack of culpable negligence. Nevertheless, the trial court, without directing the state to respond, summarily dismissed it on its merits in February 1997. On appeal, the state asserted for the first time that Rice's petition was untimely. Rice argued

in reply that the court should not entertain the state's timeliness argument in the first instance, or, in the alternative, that it should remand for the trial court to determine whether the limitations period should be excused. The court affirmed, holding that the trial court properly dismissed the petition on its merits and alternatively that it was untimely.

On June 30, 2000, Rice filed his federal habeas corpus petition raising the Chambers issue and several others. The state immediately moved to dismiss it as time-barred. State prisoners must file their habeas corpus petitions within one year after their convictions become final, 28 U.S.C. sec. 2244(d)(1)(A), and Rice's conviction became final on June 4, 1997, when his direct appeal concluded. The limitations period is tolled, however, during the time in which a"properly filed" application for state post-conviction review is pending. 28 U.S.C. sec. 2244(d)(2). The Illinois Supreme Court did not finally dispose of Rice's state post-conviction petition until October 16, 1999, well less than a year before Rice filed his sec. 2254 petition.

The state argued that it was improper to rely on the October 16, 1999, date because the Illinois appellate court had found that Rice's post-conviction petition was untimely and thus not "properly filed." The district court agreed, dismissed Rice's petition, and declined to issue a certificate of appealability. But there is more to the story than that. This court granted a certificate of appealability, indicating that the district court had erred with respect to the timeliness issue and directing the parties to address whether the exclusion of Pugh's testimony conflicted with Chambers v. Mississippi. In support of his case, Rice quoted extensively from the suppression hearing transcript in his brief; this is the material to which the state's present motion objects.

Now that we have had a better opportunity to examine this case, it is apparent that the root of the problem with Rice's brief lies in the fact that the early ruling based on timeliness prevented proper development of the

record on the constitutional issue. It is true that it is improper to cite evidence outside of the appellate record in a brief, and that such an action may justify striking the brief. Henn v. National Geographic Soc'y, 819 F.2d 824, 831 (7th Cir. 1987). But this case is unusual, and we believe that further explanation of our conclusion with respect to timeliness is in order. Questions of timeliness are statutory, and so errors in treating a collateral attack as untimely cannot by themselves support a certificate of appealability, which can issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. sec. 2253(c)(2); Owens v. Boyd, 235 F.3d 356, 357-58 (7th Cir. 2001). To review statutory errors, a judge must conclude that at least one of the prisoner's underlying constitutional claims is itself substantial, grant a certificate of appealability on that claim, and append the statutory claim as an antecedent issue to be resolved on appeal, even if the petition was denied without reaching the constitutional claim. Owens, 235 F.3d at 358. That is what happened here.

Addressing that antecedent question first, we concluded that Rice's habeas corpus petition was not time-barred. A petition for state post-conviction relief is properly filed for tolling purposes under 28 U.S.C. sec. 2244(d)(2) if it is delivered to, and accepted by, the appropriate court officer for placement in the official record, and its delivery and acceptance are in compliance with the applicable state laws and rules governing filings. Artuz v. Bennett, 121 S. Ct. 361, 363-64 (2000). Applicable state law and rules governing filings include time limits for delivery. Id. at 364; see also Freeman, 208 F.3d at 574 (collecting cases). We determine whether a post-conviction petition is properly filed by looking at how the state courts treated it. If the courts considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed. Freeman, 208 F.3d at 576. Here, the state trial court dismissed Rice's petition wholly on its merits. The appellate court likewise reviewed and affirmed the trial court's decision on the merits, holding only in the

alternative that Rice's petition was not timely. Cf. Jenkins v. Nelson, 157 F.3d 485, 491 (7th Cir. 1998) (state procedural default cannot bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment clearly and expressly states that its judgment rests on the procedural bar). Rice's post-conviction petition was therefore properly filed for tolling purposes.

Other circuits have also held that if a state's rule governing the timely commencement of post-conviction proceedings contains exceptions requiring courts to examine the merits of the petition before dismissing it, the petition, even if ultimately held to be time-barred, should be regarded as properly filed. See Dictado v. Ducharme, 244 F.3d 724, 727-28 (9th Cir. 2001); Emerson v. Johnson, 243 F.3d 931, 935 (5th Cir. 2001); Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000). Illinois provides a statutory exception to its post-conviction time limitation if "the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c). Under the circumstances, the state courts had to consider the merits of Rice's petition before determining whether it was timely. In addition, Illinois has directed its courts summarily to dismiss frivolous or patently meritless post-conviction petitions. 725 ILCS 2/112-2.1(a)(2). Frivolousness was the reason the state court gave for dismissing Rice's petition, and this, too, is a merits determination.

Because the district court's conclusion with respect to timeliness had the effect of cutting off further development of the record and issues there, we have decided that the proper step is to remand the case to that court for further proceedings. This will give us the benefit of both the district court's views on the issue and a proper record on which to base our review of Rice's Chambers claim. We note in this connection that the district court's statement that the Chambers claim was not cognizable on habeas corpus review because it was an error involving the application of state law was not necessarily correct. In some cases-- though we express no view about whether

this is one-- mechanistic application of state evidentiary rules may deprive criminal defendants of a fair trial. Chambers, 410 U.S. at 302-03.

   Accordingly, the judgment of the district court is Vacated, and this case is Remanded to the district court for further proceedings consistent with this order. The motion to strike Rice's brief is Denied as moot.

FOOTNOTE

/* This decision was initially decided per unpublished order (Circuit Rule 53).