In the

# United States Court of Appeals
## For the Seventh Circuit

No. 01-1355

MARCOS GRAY,

*Petitioner-Appellant*,

*v.*

KENNETH R. BRILEY, WARDEN,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 5277—**James F. Holderman**, *Judge*.

ARGUED JANUARY 30, 2002 —DECIDED SEPTEMBER 27, 2002

Before MANION, DIANE P. WOOD, and EVANS, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* Marcos Gray is trying to obtain federal habeas corpus relief from his Illinois convictions for first-degree murder and armed robbery. The district court dismissed on the ground that his petition under 28 U.S.C. § 2254 had not been filed within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). Because we conclude that an earlier state court application was not timely filed, under the rules recently established in *Carey v. Saffold*, 122 S. Ct. 2134 (2002), *Stewart v. Smith*, 122 S. Ct. 2578 (2002), and *Brooks v. Walls*, No. 01-1584, 2002 WL 1949693 (7th Cir. Aug. 23, 2002) (on petition for

rehearing), we agree that Gray's § 2254 petition was indeed untimely, and we affirm the judgment of the district court.

# I

After a jury convicted him on murder and armed robbery charges, Gray was sentenced on June 15, 1995, to concurrent terms of 55 and 30 years in prison. The Appellate Court of Illinois affirmed, and on December 2, 1998, the Supreme Court of Illinois denied his application for leave to appeal. He did not seek a writ of certiorari from the U.S. Supreme Court. Instead, Gray then resorted to state post-conviction procedures, filing a petition in the Circuit Court of Cook County on March 6, 1999. He presented two claims in that petition: first, that his trial counsel was ineffective, and second, that there were "constitutional infirmities" in the identification procedures and the evidence. The circuit court dismissed his petition on two grounds. First, the court concluded that it was untimely under 725 ILCS 5/122-1(c), which requires post-conviction applications to be filed within three years of the date of sentencing, even if direct appeals are still pending. See *People v. Woods*, 739 N.E.2d 493, 496 (Ill. 2000). Second, the court found his claims to be "patently without merit."

Gray appealed, but his appointed attorney moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), claiming that there were no meritorious arguments he could pursue on Gray's behalf. The appellate court agreed with counsel that an appeal would be "frivolous," explaining that the petition was "clearly untimely" under § 5/122-1(c) and that on the merits Gray's allegations were either barred by *res judicata* or waiver or they were otherwise insufficient to state a claim. The Supreme Court of Illinois rejected Gray's efforts to obtain its review.

At that point, on August 11, 2000, Gray filed his § 2254 petition in the federal district court. He claimed that both

his trial and appellate lawyers had been ineffective, that evidentiary rulings had deprived him of due process, and that he had been sentenced on the basis of unconstitutional aggravating factors. The district court did not reach the merits of Gray's claims. Instead, it concluded that Gray's state post-conviction application had not been "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Because of the one-year statute of limitations imposed by § 2244(d)(1), Gray had to file his claim within one year of the conclusion of direct review or the time for seeking such review. That date occurred in March 1999, when the time for seeking a writ of certiorari from the U.S. Supreme Court passed. See *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). August 11, 2000, was obviously more than one year later, and thus the district court dismissed Gray's petition.

This court granted a certificate of appealability on two of the questions Gray wished to present: first, whether under *Harris v. Reed*, 489 U.S. 255 (1989), the district court should have excluded the time that Gray's state post-conviction application was pending, and second, whether Gray's § 2254 petition set forth a constitutional violation to the extent required by *Slack v. McDaniel*, 529 U.S. 473 (2000).

## II

A state prisoner who seeks federal habeas corpus relief from a criminal conviction has one year from the date the conviction became final to file a petition. 28 U.S.C. § 2244(d)(1)(A). As the district court properly noted, that one-year period is tolled while a "properly filed" application for post-conviction review is pending in state court. *Id.* § 2244(d)(2). An application is "properly filed" if its delivery and acceptance "are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8

(2000). If the petitioner failed to comply with an adequate and independent rule of state procedure, and he cannot show cause and prejudice in connection with his failure to do so, then federal habeas corpus relief is not available. See *Stewart*, *supra*, 122 S. Ct. 2578.

It has been clear for some time that a state is entitled to insist that its rules for timely filing of petitions be respected. *Artuz* explained that

> an application is "*properly filed*" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits* upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. at 8 (footnote omitted; emphasis added). See also *Freeman v. Page*, 208 F.3d 572, 574 (7th Cir. 2000) (collecting cases). Thus, if the only reason the Illinois courts had cited for dismissing Gray's state post-conviction application was untimeliness, those proceedings would not qualify as "properly filed" for purposes of the tolling rule of § 2244(d)(2).

In this case, however, both the state trial court and the Appellate Court of Illinois gave two reasons for their decision: untimeliness and lack of merit. There was nothing ambiguous about either ruling. The U.S. Supreme Court addressed the question of dual grounds in *Saffold*, where it held that a clear ruling from the state court that a filing was untimely would "be the end of the matter," even if the court also addressed the merits of the claim or if "its timeliness ruling was 'entangled' with the merits." 122 S. Ct. at 2141. Following this lead, we recognized in *Brooks* that "both aspects of a dual-ground decision (substance and procedure) must be respected, so that an untimely petition is not 'properly filed' even if the court also addresses the merits . . . ." 2002 WL 1949693 at *2.

We recognized in *Brooks* that there are some situations, such as the one the U.S. Supreme Court itself faced in *Saffold*, or the one we faced in *Rice v. Bowen*, 264 F.3d 698 (7th Cir. 2001), in which it is unclear whether the state court was really making separate rulings on timeliness and the merits, or if its timeliness ruling was nothing more than a merits ruling by another name. 2002 WL 1949693 at *4. *Rice* itself was a case in which the state court's decision with respect to timeliness may have been only a decision that Illinois's "culpable negligence" exception to the state statute of limitations depended entirely on the underlying merit of the petition. Gray's case contains no such ambiguity. It is simply a dual-ground rejection of his state post-conviction application. As such, we are bound to respect the state court's ruling that it was filed too late, and this fact dooms his current federal habeas corpus petition.

### III

Because we agree with the district court that the petition was untimely, we do not address the second question presented, namely, the underlying merit of the issues Gray wishes to present. The judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

                        _____
                        *Clerk of the United States Court of*
                            *Appeals for the Seventh Circuit*