ROSENN, Circuit Judge,
dissenting.
The majority’s ruling departs from our precedent in Fahy v. Horn, 240 F.3d 239 (3d Cir.2001), in enunciating a federal rule that all untimely filed state petitions are per se filed improperly for the purposes of 28 U.S.C. § 2244(d)(2). The majority so holds regardless of whether or not the *171 state court makes this determination and whether the petitioner has a colorable argument that his or her state post-conviction petition fits into a valid exception to the state statute of limitations. The majority is also in conflict with the well-reasoned opinions of the Fifth and Ninth Circuit Courts of Appeals. See Smith v. Ward, 209 F.3d 383 (5th Cir.2000); Dictado v. Ducharme, 244 F.3d 724 (2001). Moreover, the majority’s approach is not compelled by Supreme Court precedent in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) or Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). Finally, the majority opinion undermines well-established principles of comity emphasized by the Supreme Court in Carey. I, therefore, respectfully dissent.
I.
AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1).[1] This subsection contains a tolling provision during the pendency of a properly filed application for state post-conviction review. See 28 U.S.C. § 2244(d)(2) (“The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.”). Merritt’s habeas petition was filed after April 23, 1997. Thus, his claim is time-barred unless § 2244(d)(l)’s one-year statute of limitations was tolled. The current dispute hinges on whether an untimely claim for state post-conviction review can nevertheless have been a “properly filed application” for the purposes of tolling the statute of limitations under § 2244(d)(2).
The Supreme Court has given some guidance on this question. An application is “filed” when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. See Artuz, 531 U.S. at 8, 121 S.Ct. 361. An application is “properly filed” when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Id. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Id. The question of whether an application has been “properly filed” is “quite separate” from the question of whether the claims contained in the application are meritorious and free of procedural bar. Id. at 9, 121 S.Ct. 361. Artuz held that untimely filing and improper filing were interrelated, but declined to state that they were coterminous.
As the majority acknowledges, the Supreme Court in Artuz expressly reserved the central question presented here, namely whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. Id. at 8 n. 2, 121 S.Ct. 361 (“We express no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed. See, e.g., Smith v. Ward, 209 F.3d 383, 385 (C.A.5 2000).”).
The majority’s choice of law analysis is inconsistent with our holding in Fahy. The majority enunciates a federal per se rule *172 that an untimely state petition can never meet § 2244(d)(2)’s requirement of “properly filed,” regardless of state law or state court findings of fact. See Majority op. at 166 (“An untimely petition does not toll AEDPA’s statute of limitations”). In contrast, the Court stated in Fahy that:
Fahy argues that we must decide whether his state PCRA petition was “properly filed” as a matter of federal law and that the state court’s determination of this issue is not binding on us. Fahy is correct that in applying a federal statute we must construe its terms as a matter of federal law. However, the AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was “submitted according to the state’s procedural requirements, such as the rules governing the time and place of filing.” Moms, 187 F.3d at 338. Therefore, to apply this statute as a matter of federal law we must look to state law governing when a petition for collateral relief is properly filed. The AEDPA requires us to interpret state law as we do when sitting in diversity cases, and we therefore must defer to a state’s highest court when it rules on an issue. Here the Pennsylvania Supreme Court has specifically ruled that Fahy’s PCRA petition was not properly filed as a matter of state law.
Fahy, 240 F.3d at 243-44 (emphasis added). Fahy requires this Court to decide as a matter of state law whether the petition was properly filed before coming to a conclusion as to whether the statute of limitations is tolled under § 2244(d)(2). To create a federal per se rule that untimely filing always equals improper filing deprives the Commonwealth of Pennsylvania of the ability to determine what constitutes proper fifing.
Although the Fahy court ultimately held that under state law Fahy’s petition was not properly filed, Merritt presents a much stronger case for proper fifing. The Pennsylvania courts held that Merritt’s claim was untimely filed, but did not specifically hold that it was improperly filed. In contrast, Fahy specifically states that the Pennsylvania Supreme Court found that Fahy’s claim was improperly filed. Fahy, 240 F.3d at 244 (“Here the Pennsylvania Supreme Court has specifically ruled that Fahy’s petition was not properly filed as a matter of state law”).[2]
Two of the other three Courts of Appeals that have considered the question reserved in Artuz have ruled that untimely filed petitions can nevertheless be properly *173 filed if the state courts rule that the petitioner had a colorable argument that the petition fits within a recognized exception to the statute of limitations.
In Smith, the Fifth Circuit Court of Appeals held that a petition is properly filed, even if eventually dismissed as untimely, when the state statute governing timely filings contains certain exceptions. See Smith, 209 F.3d at 385. The court reasoned that the state statute “does not impose an absolute bar to filing; instead it limits the state court’s ability to grant relief.” Id. Smith drew the line between a condition to filing and a condition to relief at the point when the court accorded the petition “some level of judicial review.” See id. at 384 (emphasis in original) (citing Villegas v. Johnson, 184 F.3d 467, 470 n. 2 (5th Cir.1999)).[3]
Likewise, the Ninth Circuit Court of Appeals has ruled that “if a state’s rule governing the timely commencement of state post-conviction relief petitions contains exceptions that require a state court to examine the merits of a petition before it is dismissed, the petition, even if untimely, should be regarded as ‘timely filed.’” Dictado, 244 F.3d at 727-28. The Ninth Circuit reasoned that the statute is properly regarded as a “condition to obtaining relief’ rather than a “condition to filing.” Id. at 728 (citing Artuz).
Recently, the Seventh Circuit Court of Appeals also considered this question and reached an opposite conclusion. In Brooks v. Walls, 301 F.3d 839 (7th Cir.2002), the court ruled that the Supreme Court had overruled Smith and Dictado and resolved the question left open in Artuz. Like the majority today, the Brooks court pointed to Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), in support of its federal per se rule. Carey involved the question of whether California’s unique “reasonable timeliness” standard tolled AEDPA’s statute of limitations. The United States Supreme Court held that AED-PA’s statute of limitations would not be tolled while the question of unreasonable delay was pending before the state court if the petition was ultimately found to be unreasonable. See Carey, 122 S.Ct. at 2141 (“If the California Supreme Court had clearly ruled that Saffold’s 4]é-month delay was ‘unreasonable,’ that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was ‘entangled’ with the merits”) (emphasis added). Interpreting this passage, Brooks concluded that “[Carey v.] Saffold tells us (ending any ambiguity left by Artuz) that to be properly filed an application for state collateral review in state court must satisfy the state’s timeliness requirements.” Brooks, 301 F.3d at 841; Majority op. at 166.
In my view, Carey’s holding is narrower than this. Carey holds that state habeas petitioners who unreasonably delay filing a state collateral petition will not obtain the benefit of the tolling provisions of the AEDPA. Carey does not make the much broader claim that the majority here makes that “[a]n untimely petition does not toll AEDPA’s statute of limitations.” Majority op. at 166.
“Untimely,” “unreasonable,” and “improperly filed” are not all synonymous. If *174 they were, Congress would have said “timely filed” rather 'than “properly filed” in § 2244(d)(2). “Timely” is defined as “done or occurring at a suitable time” and “improper” is defined as “not accordant with fact, truth, or right procedure.” Webster’s Third New Int’l Dictionary Unabridged 2395 (1993); id. at 1137. The Supreme Court determined in Carey that when a California court finds that a state petition was unreasonably delayed under California law, it was therefore never “pending” for AEDPA law purposes. It does not follow that Carey sought to resolve - without saying so - the question of whether all untimely filed petitions are per se improperly filed as a matter of federal law. Carey reasonably or plausibly cannot be read to overrule not only Smith and Dictado, but also Fahy’s choice of law analysis. It is paradoxical to suggest that Carey overruled Fahy on the choice of law question because the Carey opinion is an intricate exegesis of a unique California state law that based its outcome on comity grounds.
If “untimely filed” and “improperly filed” are not coterminous, a state court determination that a petition was untimely filed does not lead automatically to the conclusion that it was improperly filed for the purposes of § 2244(d)(2). The majority opinion depends on the following syllogism: (1) All untimely petitions are improper; (2) This petition was untimely; (3) Therefore, this petition is improper. If one accepts the first premise, the other steps follow ineluctably, but the first step is in conflict with Fahy. For instance, the majority states that: “Consequently, just as in Fahy, we must defer to the state court’s holding that Merritt’s PCRA petition was untimely and it follows that it was not ‘properly filed’ under AEDPA.” Majority op. at 165. This syllogism is also apparent in the majority’s statement that “... we hold that we are bound by the state court’s finding that Merritt’s second PCRA petition was untimely. Therefore, we affirm the District Court’s order holding that Merritt’s second PCRA petition was not ‘properly filed.’ ” Majority op. at 166. However, Fahy states that the Pennsylvania Supreme Court found that the petition was improperly filed, not just untimely filed. Fahy, 240 F.3d at 244. Unless untimely filing is per se improper as a matter of federal law (as the majority today holds), Fahy holds that state law should govern the question of whether the petition was properly filed even after a determination that it was untimely. Fahy did not hold that “untimely” and “improper” were coterminous.
Fahy requires that we defer to the state court’s conclusions both with regard to untimely filing and improper filing separately. Thus, a state court determination that a petition is untimely does not suffice to establish as a matter of state law that it is also improperly filed. To conclude that a petition was not properly filed, we must either: (1) conclude that the state court determined as a question of fact that the petition was improperly filed and not just untimely filed; or (2) look to state law rather than federal law to answer the question of whether timely filing and proper filing should be equated for the purposes of § 2244(d)(2). In contrast, the majority opinion bypasses the question of how Pennsylvania law would interpret the proper filing requirement and instead creates a federal per se rule that untimely filing is categorically improper. In doing so, the majority ignores all notions of comity.
In Carey, the Supreme Court made it clear that its main interest was in promoting principles of comity. As Justice Breyer wrote for the majority:
*175 The exhaustion requirement serves AEDPA’s goal of promoting “comity, finality, and federalism” by giving state courts “the first opportunity to review [the] claim,” and to “correct” any “constitutional violation in the first instance.” And AEDPA’s limitations period - with its accompanying tolling provision - ensures the achievement of this goal because it “promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments.”
Carey, 122 S.Ct. at 2138 (internal citations omitted). The majority opinion undermines this strong policy because it encourages habeas petitioners with colorable arguments that they have an unexpired state collateral claim to file a federal habeas claim, rather than pursue a non-frivolous state collateral claim, for fear of being barred by AEDPA’s statute of limitations.
The principles of comity that were an important consideration in Carey favor Merritt’s interpretation of “properly filed” and the ruling in Fahy, rather than the approach taken by the majority. As Chief Judge Becker explained in Lovasz v. Vaughn, 134 F.3d 146 (3d Cir.1998), “[principles of comity inform our decision ... and a federal court should not find a state prisoner’s claims procedurally barred from federal habeas review unless state law ‘clearly foreclose^]’ review of the claims.” See id. at 148. This admonition ensures that states have “the first opportunity to address and correct alleged violations of state prisoner’s federal rights.” See id.
In enacting AEDPA, Congress aimed to reduce federal intrusions into state criminal proceedings. See id. The rule in Fahy advances this goal by permitting the state courts to determine as a matter of fact and law whether an application for post-conviction comports with state law, rather than insisting that a federal habeas claim must be filed despite a plausible state claim in order to avoid running afoul of § 2244(d)(1). To rule otherwise usurps the power of the state court to adjudicate claims that arguably fit within a recognized exception to a statute of limitations and undermines the policy principle underlying Carey.
When a petitioner makes a colorable argument that his claim fits into a recognized exception to a time limit for filing, such that the state court must examine the petition before dismissing it to determine whether the exception applies, the state court should be empowered to find as a fact that the claim fits and determine as a matter of law that fitting within the exception is a “condition to obtaining rehef ’ and not a “condition to filing.” Cf. Artuz, 531 U.S. at 11, 121 S.Ct. 361; Dictado, 244 F.3d at 727; Smith, 209 F.3d at 385. Comity requires nothing less. Contrary to the view of the majority opinion at 168, our proposed disposition is in keeping with our responsibility as stated in Fahy to defer to the state courts’ determination whether the filing was “proper.”
I agree with the majority that under the liberal pleadings standards customarily afforded to pro se petitioners, the Magistrate Judge erred in concluding that Merritt did not claim that his petition falls within a recognized exception to Pennsylvania’s statute of limitations for post-conviction petitions. Majority op. at 164.[4]
II.
Accordingly, for the reasons set forth above, I would remand this case to the district court for a determination whether *176 under Pennsylvania law Merritt’s state petition was properly filed.

. A prisoner with a state conviction that became final prior to the enactment of AEDPA had until April 24, 1997 to file a federal habeas corpus petition. See Smith, 209 F.3d at 384.

. The majority implies that this Court made a misstatement in Fahy when it held that "the Pennsylvania Supreme Court has specifically ruled that Fahy's petition was not properly filed as a matter of state law.” Fahy, 240 F.3d at 244 (emphasis added). The majority looks to the underlying Pennsylvania state court opinion to challenge the basis for this Court’s reading of Pennsylvania law and the state court’s application of Pennsylvania law to the facts of that case. See Majority Op. at 167. In my view, this question has already been adjudicated by this Court and we are bound by the holding of the Fahy court with respect to the meaning of the underlying opinion. See 3d Cir. Internal Operating Procedures Rule 9.1 ("It is the tradition of this court that the holding of a panel in a prece-dential opinion is binding on subsequent panels.”).
Moreover, whatever factors Fahy took into account in reaching this interpretation of the state law question of whether Fahy’s petition was properly filed, the Fahy panel looked to Pennsylvania law, not federal law, to answer the question. See Fahy, 240 F.3d at 243-44 ("... to apply this statute as a matter of federal law we must look to state law governing when a petition for collateral relief is properly filed. The AEDPA requires us to interpret state law as we do when sitting in diversity cases, as we therefore must defer to a state's highest court when it rules on an issue.”).

. In Villegas, the Court of Appeals held that § 2244(d)(2) should be interpreted in light of principles of statutory construction and in light of concerns regarding comity and exhaustion. See Villegas, 184 F.3d at 470. Thus, a state habeas petition is properly filed when it conforms with a state’s applicable procedural filing requirements - i.e., those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review. See id. at 470 n. 2.

. I agree with the majority that equitable tolling does not apply here. Majority op. at 168.